UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| AMBER FOSTER, | ) |
| Plaintiff, | ) Case No.: 2:19-cv-00969-GMN-BNW |
| vs. | ) |
|  | ) **ORDER** |
| STATE OF NEVADA, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 19), filed by Defendants Harold Wickham, Dwight Neven, and Richard Ashcraft (collectively, "Defendants"). Plaintiff Amber Foster ("Plaintiff") filed a Response, (ECF No. 24). Defendants did not file a Reply.

For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss.

I.   **BACKGROUND**

This case arises from alleged constitutional deprivations that occurred while Plaintiff was incarcerated at Florence McClure Women's Correctional Center ("FMWCC"). In June 2018, an unknown individual sent Plaintiff mail without a return address. (First Amended Complaint ("FAC") at 3). Because the mail had no return address, it could not be delivered to Plaintiff. (*Id*. at 4). On June 21, 208, Officer Parkerson, who was assigned to the mail room, opened an envelope addressed to Plaintiff. (*Id*.). The envelope contained a card, which appeared to be bubbly as if it was sprayed with something. (*Id*.). The envelope tested positive for methamphetamine. (*Id*.). As a result, Plaintiff was charged with possession and sale of intoxicants. (*Id*. at 5).

On July 1, 2018, Defendant Richard Ashcraft conducted Plaintiff's disciplinary hearing. (*Id*. at 6). During the hearing, Plaintiff claimed that she had no control over what was sent to

1  her and argued that she would never have asked for mail to be sent to her anonymously because
2  she knew that it would not be delivered. (*Id*.).  Upon review of Plaintiff's testimony and the
3  written report from Officer Parkerson, Defendant Ashcraft found Plaintiff guilty of possession,
4  introduction, or sale of any narcotics. (*Id*.).  Plaintiff appealed the guilty finding via the
5  administrative grievance process. (*Id*. at 7).  Her appeal, however, was denied on both levels.
6  (*Id*. at 8).  As a result of the guilty finding, Plaintiff received multiple sanctions including
7  disciplinary segregation for 60 days, Class A State loss for 60 days, loss of personal phone calls
8  for 90 days, loss of canteen for 90 days, and restitution. (*Id*. at 7).

9       On June 6, 2019, Plaintiff filed a Complaint requesting the Court reverse the guilty
10 finding and clear her institutional record of any disciplinary infraction. (*See* Compl., ECF No.
11 1).  At the first screening, the Court dismissed Plaintiff's case in entirety with leave to amend
12 within 30 days. (*See* Screening Order on April 13, 2020, ECF No. 5).  Plaintiff timely filed an
13 amended Complaint and added new parties to her suit. (*See generally* FAC, ECF No. 7).  The
14 Court conducted a second screening, in which it dismissed Plaintiff's Fifth Amendment Due
15 Process claims. (*See* Screening Order on May 28, 2020, 6:9–10, ECF No. 8).  Plaintiff's
16 Fourteenth Amendment Due Process claim, however, proceeded against Defendants Ashcraft,
17 Nevens, and Wickham. (*See* Id. 6:7–8).  Defendants thereafter filed the instant Motion to
18 Dismiss.

19 **II.    LEGAL STANDARD**

20       Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon
21 which relief can be granted. Fed. R Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
22 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A pleading must give fair notice of a legally
23 cognizable claim and the grounds on which it rests, and although a court must take all factual
24 allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*,
25

550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

### III. DISCUSSION

Defendants move to dismiss Plaintiff's Fourteenth Amendment claim, arguing that due process was satisfied during Plaintiff's prison disciplinary hearing because some evidence supported the disciplinary board's decision. (Defs.' Mot. Dismiss ("MTD") 4:5–7:8). To the extent Plaintiff seeks a reduction of time served, Defendants assert that any such claim would likely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id*. 5:6–13).

Due process in a prison disciplinary hearing is satisfied if the prisoner receives: (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Furthermore, findings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (citing *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985)).

In determining whether "some evidence" supports the disciplinary board's decision, the Ninth Circuit has stated that "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56, 105 S. Ct. 2768, 2774 (1985). "Nonetheless, there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions." *Cato*, 824 F.2d at 705. In *Cato*, the Ninth Circuit held that there was not enough evidence to support the decision of the disciplinary board. *Id*. There, "the only

evidence . . . implicating [the plaintiff was] an inmate's statement that was related to prison officials through a confidential information who had no first hand knowledge of any relevant statements or actions" by the plaintiff. *Id*.

Likewise, there is not enough evidence here to support the disciplinary board's decision in the present case. Defendant cites to two bare assertions as "some evidence" that justifies the disciplinary board's decision, namely that: (1) that the mailing was addressed to Foster; and (2) that Foster has a history of abusing methamphetamine. (*See* MTD 7:2–3). However, not only is such evidence unreliable, but there is no corroborating evidence showing that Plaintiff possessed the substance. *See Sanchez v. United States*, No. 2: 20-CV-6492-PA (MAR), 2021 U.S. Dist. LEXIS 108136, at *16 (C.D. Cal. May 3, 2021) (finding some evidence supported the disciplinary finding because the board relied on "reporting officers' account of the incident, . . . a memorandum, evidentiary photographs, and Petitioner's statements to the investigator."); *Lopez v. Armstead*, No. 3:13-cv-00294-MMD-VPC, 2015 U.S. Dist. LEXIS 61465, at *20 (D. Nev. Feb. 23, 2015) (concluding that a statement and video of the property room surveillance camera supported the disciplinary board's finding). The disciplinary board here presents even less evidence than the board in *Cato*, which relied upon the "uncorroborated hearsay statement of a confidential informant." *Cato*, 824 F.2d at 705. Here, the disciplinary board cites two general facts as the justification for its decision. Though the standard is "minimally stringent," the Ninth Circuit is clear—the disciplinary board must base its opinion on some reliable evidence. *See id.* The Court accordingly denies Defendant's Motion to Dismiss.[1]

---

[1] Defendant additionally argues that Plaintiff's request for a reduction of her term of confinement is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because Plaintiff sues for injunctive relief and the court cannot award injunctive relief in this instance, Defendant moves to dismiss Plaintiff's claims. (MTD at 7). Plaintiff, however, does not solely seek a reduction of her term of confinement. Plaintiff requests the Court "reverse the guilty finding . . . and [clear] her institutional record of any disciplinary infractions." (FACT at 9). Accordingly, the Court finds that Plaintiff's claims are not barred.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 19) is **DENIED**.

**DATED** this __7__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT