AARON D. FORD
  Attorney General
LORIN M. TAYLOR (Bar No. 14958)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-2389 (phone)
(702) 486-3773 (fax)
Email: lmtaylor@ag.nv.gov

*Attorneys for Defendants Harold
Wickham, Dwight Neven, and
Richard Ashcraft*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMBER FOSTER, | Case No. 2:19-cv-00969-GMN-VCF |
| Plaintiff, | |
| v. | **AMENDED JOINT PRETRIAL ORDER** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Following pretrial proceedings in this case,

IT IS ORDERED:

## I.

## NATURE OF ACTION AND CONTENTIONS OF THE PARTIES

A.    NATURE OF ACTION

This is an inmate civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Amber Foster is an inmate in the custody of the Nevada Department of Corrections and is currently incarcerated at Jean Conservation Camp. Foster sued under the Fifth and Fourteenth Amendments to the United States Constitution.[1] The Court screened the Complaint and allowed Foster's Fourteenth Amendment due process claims to proceed

---

[1] ECF 7.

1  against Defendant Harold Wickham, Dwight Neven, and Richard Ashcraft; dismissed
2  Foster's Fifth Amendment claim; and dismissed Amber Parkerson and Gabriela Garcia.[2]

3      Foster sued for injunctive relief for events that took place while incarcerated at
4  Florence McClure Women's Correctional Center.[3] On June 21, 2018, an unknown
5  individual sent Foster mail without a return address.[4] Mail without a return address
6  cannot be delivered to inmates.[5] Former Correctional Officer Parkerson, per protocol,
7  opened the mail and noted it appeared to be sprayed with an unknown substance.[6] The
8  substance tested positive for methamphetamine, and Foster was charged with an MJ53:
9  possession, introduction, or sales of any narcotics, drugs, alcohol, or other intoxicants or
10 possession of materials/items suitable for such manufacture and/or use.[7]

11     Defendant Ashcraft conducted Foster's disciplinary hearing on July 1, 2018.[8]
12 During the hearing, Foster stated she did not know who had sent her the mail, that she
13 has no control over who sends her mail, and that she would never have asked for mail to
14 be sent to her anonymously because she knew that it would not be delivered.[9] Ashcraft
15 found her guilty of the offense.[10]

16     Foster appealed the guilty finding via the administrative grievance process.[11]
17 Neven denied Foster's grievance at the first level, and Harold Wickham denied her
18 grievance at the second level.[12] As a result of the guilty finding, Foster received multiple
19 sanctions, including loss of canteen privileges for ninety days, loss of personal calls for
20
21
_____
22 [2] ECF 8.
   [3] ECF 7.
23 [4] *Id.* at 4.
   [5] *Id.*
24 [6] *Id.*
   [7] *Id.* at 4-5.
25 [8] *Id.* at 6.
   [9] *Id.*
26 [10] *Id.*
   [11] *Id.* at 7.
27 [12] *Id.*
28

1    ninety days, placement in segregation for sixty days, and "stat ref" for sixty days.[13] Based

2    on these allegations, Foster asserts NDOC Employees violated her right to due process

3    under the Fourteenth Amendment.[14]

4    **B.   CONTENTIONS OF THE PARTIES**

5          **1.   Plaintiff's Contentions**

6          Foster asserts the guilty finding from Offense in Custody No. 445464 and the

7    punishments of "segregation confinement & other numerous sanctions. . . occurred

8    without any evidence indicating that there was any knowledge on [Foster's] behalf of this

9    illegal action therefore the defendants violated [Foster's] due process rights."[15]

10         **2.   Defendants' Contentions**

11         Defendants are entitled to qualified immunity on Foster's claims.

12         The evidence does not support Foster's allegations.

13         Foster's constitutional rights have not been violated.

14         Foster is not entitled to any of the relief demanded in the complaint.

15         Defendant Ashcraft relied on some evidence with indicia of reliability to support

16   the guilty finding in OIC No. 445464.

17         Defendants Wickham and Neven were not personally involved any alleged

18   constitutional violation.

19         Foster's prayer to reverse of the guilty finding in OIC No. 445464 and to clear her

20   institutional record of the disciplinary infraction is barred under *Preiser v. Rodriguez*[16]

21   and *Heck v. Humphry*.[17]

22         Foster did not pray for recovery of monetary damages in her complaint and as a

23

24

_____

25   [13] *Id.*
     [14] *Id.* at 8.
26   [15] *Id.* at 3.
     [16] 411 U.S. 475, 489 (1973).
27   [17] 512 U.S. 477, 483 (1994).

28

1   result Foster cannot seek monetary damages at trial.[18]

2   To the extent that Plaintiff sues Defendants for damages in their official capacities,

3   state officials acting in their official capacities are not "persons" under § 1983 and the

4   claims against Ashcraft, Neven, and Whickham in their official capacity should be

5   dismissed.[19]

6   **A. C.   RELIEF SOUGHT**

7   Foster seeks injunctive relief in the form of reversing the guilty finding, the

8   sanctions, and "clearing [Foster's] institutional record of any disciplinary infractions."[20]

9   **II.**

10   **STATEMENT OF JURISDICTION**

11   This is a civil action for injunctive relief commenced under 42 U.S.C. § 1983. This

12   Court has jurisdiction pursuant to 28 U.S.C. § 1331.

13   **III.**

14   **UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO**

15   **PROOF**

16   1.   On June 21, 2018, Foster was an inmate housed at Florence McClure

17   Women's Correctional Facility.

18   2.   Under Nevada Department of Corrections Administrative Regulation (AR)

19   750 – Inmate General Correspondence and Mail, effective date December 17, 2013,

20   "Inmates are responsible to comply with mail and correspondence procedures."[21]

21

22   [18] *See Bain v. California Tchrs. Ass'n*, 891 F.3d 1206, 1212 (9th Cir. 2018) (rejecting plaintiff's
attempt to "transform their lawsuit from a request for prospective equitable relief into a plea for
23   money damages to remedy past wrongs."); *Seven Words LLC v. Network Solutions*, 260 F.3d
1089, 1092, 1096-1097 (9th Cir. 2001) (plaintiff cannot assert a late-in-the-day damages claim to
24   avoid mootness when plaintiff "consistently represented that it was seeking only declaratory and
25   injunctive relief" throughout the litigation).
[19] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).
26   [20] *Id.* at 14.
[21] Nevada Department of Corrections Administrative Regulation 750.1 – Inmate General
27   Correspondence and Mail, effective date December 17, 2013

28

3.     On June 21, 2018, the Florence McClure Women's Correctional Facility mailroom received two envelopes addressed to Foster.

4.     The envelopes had no return address.

5.     Envelopes with no return address are not delivered to an inmate pursuant to AR 750.

6.     The envelopes were opened by Correctional Officer Parkerson.

7.     Correctional Officer Parkerson observed that each envelope contained a greeting card.

8.     Correctional Officer Parkerson observed that each greeting card "appeared to be bubbly as if it were sprayed with something."

9.     Correctional Officer Parkerson suspected that the cards contained drugs.

10.    Correctional Officer Parkerson contacted Correctional Lieutenant Clinton Snowden.

11.    Correctional Lieutenant Snowden tested the cards for drugs.

12.    The first test, test number 902 Marquis Regent lot number 1009065-1 tested positive for Methamphetamine.

13.    A second test, 923 MDMA (Methamphetamine regent) lot number 1012884-1 also tested positive for Methamphetamine.

14.    Foster was charged with Offense in Custody No. 445464, an MJ53 – Possession, introduction, or sales of any narcotics, drugs, alcohol, or other intoxicants or possession of materials/items suitable for such manufacture and/or use under Nevada Department of Corrections Administrative Regulation 707 – Inmate Disciplinary Process, effective date May 16, 2017.

15.    Under AR 707, an MJ53 is a class A Offense.

16.    Per AR 707.2 – Disciplinary Sanctions, effective date February 12, 2017, Class A Offenses are sanctionable as follows:

- Up to 60-days Disciplinary Segregation or Austere Housing, but these sanctions will not be consecutive.

- Class Stat up to 60-days

- Loss of Privileges may be imposed consecutive to Disciplinary Segregation but they are not to be served concurrently to Disciplinary Segregation. These sanctions may include:

  o Loss of Outside Recreation for up to 30-days.

  o Loss of Telephone Privileges for up to 90-days.

  o Loss of Inmate Store/Commissary for up to 90-days.

  o Loss of Visiting for up to 60-days.

  o Restitution for loss or damage of property.

17. Foster was issued a written Notice of Charges on June 22, 2018.

18. On June 22, 2018, Correctional Sergeant Karissa Currier referred Foster to a Disciplinary Hearing.

19. On July 1, 2018, Correctional Lieutenant Ashcraft held a disciplinary hearing on Offense in Custody No. 445464.

20. Based on Correctional Officer Parkerson's report and the representations therein, Foster was found guilty of the MJ53.

21. Foster was sanctioned to 60-days of disciplinary segregation; 60 days of Stat loss; loss of phone privileges for 90-days; loss of canteen privileges for 90-days.

22. "Stat loss" or a "stat ref" refers to the loss of good time credits under NRS 209.4465. Under NRS 209.4465(1) inmates incarcerated within the Nevada Department of Corrections who have no "serious infractions" of NDOC regulations "and who perform[] in a faithful, orderly and peaceable manner the duties assigned to the offender" earn "a deduction of 20 days from his or her sentence for each month the offender serves."

23. Foster had a total of 30 days of statutory good time credit removed from her credit history.

1    24.    Foster was in disciplinary segregation for 66 days.

2    25.    Foster lost her phone and canteen privileges for 90 days.

3                                        **IV.**

4          **FACTS UNADMITTED THAT WILL NOT BE CONTESTED**

5          The following facts, though not admitted, will not be contested at trial by evidence

6    to the contrary: **NONE**

7                                         **V.**

8       **CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON**

9                                       **TRIAL**

10   **A.    PLAINTIFF'S CONTESTED FACTS**

11         It is Foster's position that there was "no evidence" that she committed an

12   infraction.

13   **B.    DEFENDANTS' CONTESTED FACTS**

14         Defendant Ashcraft relied on Correctional Officer Parkerson's report and the

15   representations therein to find Foster guilty of the MJ53. That report is some evidence

16   bearing indicia of reliability that Defendant Richard Ashcraft relied upon when he found

17   Foster guilty of the MJ53.

18                                        **VI.**

19   **CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL**

20   **A.    PLAINTIFF**

21         That there was no evidence to support the guilty finding for OIC No. 445464.

22   **B.    DEFENDANT**

23         **1.    Defendants Did Not Violate Plaintiff's Due Process Rights**

24         Due process in a prison disciplinary hearing is satisfied if the inmate receives

25   written notice of the charges, a statement of the evidence relied on by the prison officials,

26   and the reasons for disciplinary action.[22] An inmate has a limited right to call witnesses

27   [22] *Wolff v. McDonnell*, 418 U.S. 539 (1974).

28

1  and to present documentary evidence if permitting the inmate to do so would not unduly
2  threaten institutional safety and goals.[23] Findings that result in the loss of liberty will
3  satisfy due process if there is some evidence that supports the decisions of the
4  disciplinary board.[24] Due process requires that there be "some evidence" supporting a
5  prison disciplinary proceeding that deprives a prisoner of good time credits.[25] This
6  standard "does not require examination of the entire record, independent assessment of
7  the credibility of witnesses, or weighing of the evidence," but asks "whether there is *any*
8  evidence in the record that *could* support" the challenged finding.[26] The *Hill* standard is
9  minimally stringent and the evidence the hearing officer uses to make his decision only
10  needs to bear "some indicia of reliability."[27] District Courts in this circuit have found that
11  a Correctional Officer's report or testimony based upon her observations and findings is
12  some evidence bearing some indicia of reliability.[28] Even evidence susceptible to more
13  than one logical conclusion suffices to meet the *Hill* standard.[29]

14      Here, the Defendant Ashcraft relied on some evidence—Correctional Officer Amber
15  Parkerson's report that greeting cards with drugs on them had been sent to inmate
16  Foster—that could support the charge of an MJ53 – Possession, introduction, or sales of
17  any narcotics, drugs, alcohol, or other intoxicants or possession of materials/items
18  suitable for such manufacture and/or use under AR 707. Because Defendant Ashcraft
19  relied on some evidence to find Foster guilty, the guilty finding did not violate Foster's
20  rights to due process of law. Because Defendant Ashcroft did not violate Foster's rights to
21  due process of law when he found her guilty of the MJ53, Defendants Neven and
22

23  ---

[23] *Id.*
24  [24] *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).
[25] *Id.* at 455.
25  [26] *Id.* at 556 (emphasis added).
[27] *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).
26  [28] *See, Salerno v. Schriro*, 2007 WL 2410367, at *4 (D. Ariz. Aug. 21, 2007); *Carrillo v. Stainer*, 1997 WL 16312, at *8 (N.D. Cal. Jan. 6, 1997), *aff'd,* 131 F.3d 145 (9th Cir. 1997).
27  [29] *See Hill*, 472 U.S. at 457.
28

1    Whickham did not violate Foster's rights to due process of law when they upheld the

2    guilty finding.

3         **2.    Foster's Claims are Barred by *Preiser v. Rodriguez*, or *Heck v.***

4              ***Humphry*.**

5         Claims for injunctive relief that seek to terminate or shorten a prison sentence,

6    and claims for damages because the prison reached the wrong result in a disciplinary

7    proceeding are not cognizable causes of action under § 1983. Inmates cannot use § 1983 to

8    (1) attack the "fact or duration of . . . confinement, based. . .the alleged

9    unconstitutionality of state administrative action"[30] or (2) recover damages that "call into

10   question the lawfulness of conviction or confinement."[31]

11        Here, Foster seeks injunctive relief overturning the guilty finding and clearing her

12   institutional record which will result in the return of her NRS 209.4465 good time credits

13   and the shortening of her confinement. Such relief is explicitly foreclosed by *Prieser*

14   because relief is properly sought by a writ of habeas corpus: "[s]uch a challenge is just as

15   close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes

16   directly to the constitutionality of his physical confinement itself and seeks either

17   immediate release from that confinement or the shortening of its duration."[32] "*Preiser*

18   habeas jurisdiction is proper where a challenge to prison conditions would, if successful,

19   necessarily accelerate the prisoner's release."[33]

20        If, however, Foster's request to overturn the guilty finding and clear her

21   institutional record is treated as damages, the claim is barred under *Heck v. Humphry's*

22   favorable termination rule, which applies every time a challenge to conviction, sentence,

23   disciplinary hearing, or administrative sanction will affect the overall length of the

24

25   [30] *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).
     [31] *Heck v. Humphry*, 512 U.S. 477, 483 (1994).
26   [32] *Id.*
     [33] *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003), *citing Neal v. Shimoda*, 131 F.3d 818
27   (9th Cir.1997).

28

plaintiff's confinement.[31] Foster's claim must be dismissed because Foster has not provided proof that the guilty finding has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" [35]

Whether Foster's request for relief is classified as injunctive relief or damages, the claim is barred.

### 3.    If the Relief Foster Requests is Deemed Damages and Not Injunctive Relief, Defendants are Entitled to Qualified Immunity

In 42 U.S.C. § 1983 actions, qualified immunity protects state officials from civil liability for damages resulting from discretionary acts, as long as those acts do not violate clearly established constitutional rights.[36] Qualified immunity is not just a defense to liability, but it is also "an entitlement not to stand trial or face the other burdens of litigation."[37] In *Saucier v. Katz*, the United States Supreme Court held that: (1) the court must first determine whether the facts as pled point to a constitutional violation, and (2) if so, then the court must decide whether the constitutional right was clearly established at the time of the alleged violation.[38] United States Supreme Court has since instructed lower courts that they may follow the *Saucier* formula, or they can elect to take the two parts out of order and examine the knowledge component first, ending the inquiry if the defendant would not have had notice of a constitutional violation.[39]

It is a plaintiff's burden to establish that a right was "clearly established" at the time of the alleged misconduct.[40] The law is clearly established when "[t]he contours of [a]

---

[31] *Galaza*, 334 F.3d at 858.
[35] *Heck*, 512 U.S. at 486–87.
[36] *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982).
[37] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).
[38] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).
[39] *Pearson v. Callahan*, 555 U.S. 233, 240–42 (2009).
[40] *Green v. Camreta*, 588 F.3d 1011, 1031 (9th Cir. 2009).

1   right [are] sufficiently clear that every reasonable official would have understood that

2   what he is doing violates that right."[41] Under a qualified immunity analysis, clearly

3   established law "should not be defined at a high level of generality."[42] "[T]he clearly

4   established law must be particularized to the facts of the case."[43] A plaintiff cannot

5   deprive defendants of entitlement to qualified immunity by alleging violations of

6   extremely abstract rights.[44] A defendant is not required to foresee judicial decisions that

7   do not yet exist, where the requirements of law are far from obvious.[45]

8          In determining "whether a [constitutional] right was clearly established," the Court

9   surveys the law within this Circuit and under Supreme Court precedent "at the time of

10  the alleged act."[46] "[L]iability will not attach unless there exists a case where an officer

11  acting under similar circumstances . . . was held to have violated the [First

12  Amendment.]"[47] Although there need not be an identical case, "existing precedent must

13  have placed the . . . question beyond debate."[48]

14         Defendants do not concede they violated any constitutional right, but should the

15  Court decide otherwise and in the event that the court finds that Foster's request for

16  relief is in fact damages and not injunctive relief, it is Defendants' position that the

17  constitutional right was not clearly established at the time of the alleged violation and

18  Defendants are entitled to qualified immunity from liability for such damages.

19

20  _____

21  [41] *Ashcroft v. al-Kidd,* 563 U.S. 731, 131 S. Ct. 2074, 2083 (2011) (*quoting Anderson v. Creighton,* 483 U.S. 635, 640 (1987)).

22  [42] *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) (internal citation omitted); *see also S.B. v. Cnty. of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017).

23  [43] *Id.*

    [44] *Id.*

24  [45] *See Kisela v. Hughes*, 138 S. Ct. 1148, 1154 (2018) (internal citations omitted).

25  [46] *Perez v. United States*, 103 F. Supp. 3d 1180, 1208 (S. D. Cal. 2015) (*quoting Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 967 (2010) (*citing Bryan v. MacPherson*, 630 F.3d 805, 933 (9th Cir. 2010)).

26  [47] *Emmons v. City of Escondido*, 921 F.3d 1172, 1174 (9th Cir. 2019) (*citing White v. Pauly*, 137 U.S. 548, 551-52 (2017) (per curiam).

27  [48] *al-Kidd*, 563 U.S. at 741.

28

1    <u>VII.</u>

2    <u>EXHIBITS</u>

3  A.    **STIPULATED EXHIBITS AS TO AUTHENTICITY AND ADMISSIBILITY**

4        1.    Disciplinary Forms I, II, and III for Offence in Custody No. 445464.

5        2.    Audio Recording for Offence in Disciplinary Hearing dated July 1, 2018.

6        3.    Grievance No. 2006-30-68733.

7        4.    IR-2018-SNWCC-001089.

8        5.    Credit History by Sentence Report for Amber Foster 1164057.

9        6.    Historical Bed Assignments for Amber Foster 1164057.

10        7.    Accounting statements for Amber Foster 1164057.

11        8.    Nevada Department of Corrections Administrative Regulation 750 – Inmate

12              General Correspondence and Mail, effective date December 17, 2013.

13        9.    Florence McClure Women's Correctional Center Operational Procedure 750

14              – Inmate General Correspondence and Mail, effective date December 17,

15              2013.

16        10.   Nevada Department of Corrections Administrative Regulation 707 – Inmate

17              Disciplinary Procedure, effective date May 15, 2017.

18        11.   Nevada Department of Corrections Administrative Regulation 707.02 –

19              Disciplinary Sanctions, effective date February 13, 2017.

20  B.    **STIPULATED    EXHIBITS    AS    TO    AUTHENTICITY    BUT    NOT**

21        **ADMISSIBILITY**

22        1.    Nevada Department of Public Safety, Division of Parole and Probation

23              Presentence Investigation Report 473998 for Amber Allene Foster in case no. C-

24              15-308163-1, dated September 25, 2015.

25        2.    Nevada Department of Public Safety, Division of Parole and Probation

26              Violation Report for Amber Allene Foster, dated April 18, 2016.

27  C.    **PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS**

28

1  NONE.

2  **D.  DEFENDANTS' EXHIBITS SUBJECT TO OBJECTIONS**

3  Foster objects to the admission of the Presentence Investigation Report as
4  irrelevant.

5  Foster objects to the admission of the Violation Report as irrelevant.

6  **E.  ELECTRONIC EVIDENCE**

7  Neither party intends to present electronic evidence for purposes of jury
8  deliberations.

9  **F.  DEPOSITIONS**

10  NONE.

11  <u>**VIII.**</u>

12  <u>**WITNESSES**</u>

13  Plaintiff and Defendants reserve the right to interpose objections to the calling of
14  any named witness listed below prior to or at trial.

15  **A.  PLAINTIFF'S WITNESSES:**

16  Plaintiff may call the following persons:

17  1.  Plaintiff Amber Foster 1164057, 3 Prison Rd., Jean, Nevada 89019.

18  2.  Defendant Richard Ashcraft, c/o Lorin M. Taylor, Office of Attorney
19  General, 555 East Washington Avenue, Las Vegas, Nevada 89101.

20  3.  Defendant Harold Wickham, c/o Lorin M. Taylor, Office of Attorney
21  General, 555 East Washington Avenue, Las Vegas, Nevada 89101.

22  4.  Defendant Dwight Neven, c/o Lorin M. Taylor, Office of Attorney
23  General, 555 East Washington Avenue, Las Vegas, Nevada 89101.

24  5.  Former Correctional Officer Amber Parkerson, c/o Lorin M. Taylor,
25  Office of Attorney General, 555 East Washington Avenue, Las Vegas,
26  Nevada 89101.

27
28

**B.**     **DEFENDANTS' WITNESSES:**

Defendants will call the following persons:

1.     Defendant Richard Ashcraft, c/o Lorin M. Taylor, Office of Attorney General, 555 East Washington Avenue, Las Vegas, Nevada 89101.

2.     Former Correctional Officer Amber Parkerson, c/o Lorin M. Taylor, Office of Attorney General, 555 East Washington Avenue, Las Vegas, Nevada 89101.

3.     Former Correctional Lieutenant Clinton Snowden, c/o Lorin M. Taylor, Office of Attorney General, 555 East Washington Avenue, Las Vegas, Nevada 89101.

Defendants may call the following persons:

4.     Plaintiff Amber Foster 1164057, 3 Prison Rd., Jean, Nevada 89019.

5.     Defendant Harold Wickham, c/o Lorin M. Taylor, Office of Attorney General, 555 East Washington Avenue, Las Vegas, Nevada 89101.

6.     Defendant Dwight Neven, c/o Lorin M. Taylor, Office of Attorney General, 555 East Washington Avenue, Las Vegas, Nevada 89101.

Defendants reserve the right to call the following persons:

7.     Any and all rebuttal witnesses that might be called to respond to claims made by either Foster or any of her witnesses.

8.     Any and all other witnesses that have personal knowledge supporting Defendant's statements of fact or law cited herein.

9.     All witnesses identified by Foster, whether or not called to testify at trial.

## IX.

## AVAILABLE TRIAL DATES

Foster and Defendants' Counsel expressly understand that the Clerk shall set the trial of this matter at the convenience of the Court's calendar. A jury has been requested on any issues triable of right by a jury.

The following are three weeks in which both parties are available:

      1.     October 10 – October 14, 2022.

      2.     October 17 – October 21, 2022.

      3.     October 24 – October 28, 2022.

## X.

## TIME EXPECTED FOR TRIAL

It is estimated that the trial will take a total of 3-5 days.

Respectfully Submitted August 8, 2022 by:    Approved as to form and Content by:

AARON D. FORD
 Attorney General

_LORIN M. TAYLOR_ (Bar No. 14958)
 Deputy Attorney General
*Attorneys for Defendants Harold
Wickham, Dwight Neven, and
Richard Ashcraft.*

_AMBER A. FOSTER_
*Plaintiff in proper person*

## XI.

## ACTION BY THE COURT

This case is set for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on 4/10/23 8:30 a.m.

Calendar call will be held on 4/4/23 at 9:00 a.m. in 7D.

DATED: August 10, 2022.

UNITED STATES DISTRICT JUDGE