# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMBER FOSTER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-00969-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| STATE OF NEVADA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is the Motion for Judgment, (ECF No. 47), filed by Defendants Harold Wickham, Dwight Neven, and Richard Ashcraft (collectively, "Defendants"). Also pending before the Court is Defendants' Motion for Leave to File the Motion for Judgment, (ECF No. 52). Plaintiff did not file Responses.

On July 5, 2022, this Court ordered Defendants to show cause as to why this Court should not deny their Motion for Judgment on the Pleadings, (ECF No. 47), as untimely because Defendants filed the Motion for Judgment after the dispositive motions deadline set in the Scheduling Order, (ECF No. 27). (*See* Min. Order, ECF No. 50). In response, Defendants assert that Federal Rules of Civil Procedure 12(c) does not specify a cut-off deadline for when Motions for Judgment on the Pleadings may be filed. (Resp. to Min. Order at 3–4, ECF No. 51).

Federal Rule of Civil Procedure 12(c) states that a party may move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." *See* Fed. R. Civ. Pro. 12(c). Though the FRCP does not specify a specific deadline, the Scheduling Order clearly states that "[n]o motion filed [after 30 days after the close of discovery] will be considered by the Court unless the Court grants an exception for good cause shown."

(Scheduling Order 3:23-24, ECF No. 27 ).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id*.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*.  Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id*.  "If that party was not diligent, the inquiry should end." *Id*.  The party seeking amendment bears the burden of establishing diligence. *See, e.g., Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

    Here, Defendants fail to demonstrate good cause to modify the scheduling order.  Their suggested reasons—that the prior assigned attorney was unable to renew his motion due to personal health reasons, and that the case was not reassigned until after the dispositive motions deadline—are not good cause to delay the current case, which is currently scheduled for trial in April 2023. (*See* Order Granting Joint Pretrial Order, ECF No. 54).  *See Johnson*, 975 F.2d at 609.  Though the Federal Rules of Civil Procedure do not specify a deadline to file a Motion for Judgment on the Pleadings, the Scheduling Order in this case does. (Scheduling Order 3:23–24, ECF No. 27).  Any dispositive motions were due on January 20, 2022—120 days after entry of the Scheduling Order. (*See* Min. Order, ECF No. 49).  Defendants did not file their Motion for Judgment until July 1, 2022. (*See* Mot. J., ECF No. 47).  Given the current status of the case and Defendants' failure to demonstrate good cause, the Court finds Defendants' Motion for Judgment on the Pleadings untimely and does not find good cause to modify the scheduling order.[1]

---

[1] Additionally, the Court finds that Defendant's Motion for Judgment on the Pleadings likely lacks merit. Defendants claim that Plaintiff's case is actually a habeas petition and not a 1983 suit because, according to Defendants, Plaintiff is seeking a reduced sentence. (Mot. J. 5:7–8:5, ECF No. 47).  Plaintiff, however, seeks an

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings, (ECF No. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File, (ECF No. 52) is **DENIED**.

**DATED** this __15__ day of August, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

order requiring the disciplinary board to overturn her disciplinary ruling and clean her record. (Am. Compl. at 9, ECF No. 7). Defendant's claim that she is seeking recovery of her good time credits does not appear applicable in this case as Plaintiff lost her canteen rights and phone rights. (*See id.* at 7). There is no mention of good time credits in her Amended Complaint, and Defendants fail to explain how her sought relief relates to her good time credits.