# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AMBER FOSTER, )
               Plaintiff, )
                ) Case No.: 2:19-cv-00969-GMN-EJY
   vs. )
                ) **ORDER DENYING MOTION TO**
STATE OF NEVADA, *et al.*, ) **DISMISS**
                )
             Defendants. )
                )

       In this § 1983 action, Plaintiff Amber Foster[1] seeks to clear her institutional record of disciplinary infractions relating to her receiving anonymous mail containing methamphetamine while she was an inmate at Florence McClure Women's Correctional Center. (*See generally* First Am. Compl., ECF No. 7). Defendants Harold Wickham, Dwight Neven, and Richard Ashcraft move to dismiss this case in its entirety for lack of subject matter jurisdiction based on mootness. (Mot. Dismiss 1:17–21, ECF No. 87). Foster filed a Response, (ECF No. 88), to which Defendants filed a Reply, (ECF No. 90). The Court **DENIES** Defendants' Motion to Dismiss because this case still contains an actual controversy.

       "Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). One aspect of subject matter jurisdiction is the case or controversy requirement of Article III of the United States Constitution. *See Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016). "[A]n actual controversy must exist not only at the time the

---

[1] Plaintiff filed her Complaint and Amended Complaint *pro se* but has since been appointed pro bono counsel.

complaint is filed, but through all stages of the litigation." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013)).

The case or controversy requirement forms the basis of the doctrine of mootness. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). Under this doctrine, "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) (quoting *Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir.1993)).

Defendants assert that this case is now moot because Foster only seeks injunctive relief, and the Court cannot fashion any tangible injunctive relief given Foster's release from NDOC custody. (Mot. Dismiss 8:5–9:11, ECF No. 87). The parties dispute both whether Foster only seeks injunctive relief and whether Foster remains in NDOC custody. (*See* Resp. 6:16–7:15; 8:15–9:9, ECF No. 88). The Court finds these disputes immaterial to the question of mootness.

Plaintiff alleges that she was punished for an infraction she did not commit. She maintains that she "didn't conspire to have drugs sent" to her and had no "knowledge of any illegal substance being mailed to [her]." (First Am. Compl. at 5). She was nonetheless charged and found guilty of the infraction and faced sanctions. (*Id.* at 6–7). She now wants her record expunged. (*Id.* at 9). Regardless of whether Foster is still in NDOC custody, Foster maintains that she has an allegedly improper stain on her record, a stain that could negatively impact her in the future.

Defendants assert that because Foster's "disciplinary infraction was not one of violence, the disciplinary infraction only effected Foster's custody classification determinations for at most eighteen months," and any reversal of the infraction "would have no actual effect on Foster anymore for any reason." (Mot. Dismiss 6:3–10). Defendants appear to be referencing

NDOC's policy for calculating an offender's Risk Factor Score and Parole Risk Assessment. (*See* Southworth Decl. ¶¶ 3–8, Ex. B to Mot. Dismiss, ECF No. 87-2).  But a stain on one's record is a stain regardless of how NDOC may use the stain against her.  Moreover, Defendants have not demonstrated that other agencies or courts could not take her disciplinary record into consideration in the future.

Foster's request to have her record expunged remains an active case or controversy whether or not she is in custody and whether or not she seeks monetary damages.[2]  Accordingly, the case is not moot, and the Court retains jurisdiction.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 87), is **DENIED.**  This case will proceed to trial as scheduled.

**DATED** this __12__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] Foster also asserts that she has a viable "stigma plus" claim based on the effect her disciplinary record could have on her ability to seal her criminal record. (Resp. 7:15–8:14).  Because the Court finds the case is not moot based on her claim for injunctive relief, the Court does not consider whether she has stated a "stigma plus" claim.